PETER PETERSON v. HENRY KNUUTILA.[1]

January 20, 1905.

Nos. 14,114—(174).

**Garnishment—Necessary Parties to Appeal.**

In garnishment proceedings in the municipal court of Eveleth plaintiff appealed from a judgment rendered against him in favor of an intervening claimant, but neither the garnishee nor defendant in the action took any part therein. *Held*, that they were not necessary or material parties to the appeal in the district court.

**Evidence.**

On the appeal to the district court, evidence considered, and *held* sufficient to sustain the order for judgment in favor of the intervening claimant as well as against the plaintiff for costs.

Appeal by plaintiff from a judgment of the district court for St. Louis county, entered pursuant to the findings and order of Dibell, J. Affirmed.

*N. B. Arnold* and *W. G. Bonham,* for appellant.
*Baldwin, Baldwin & Dancer,* for respondent.

LOVELY, J.

This action was tried in the municipal court of Eveleth against Henry Knuutila, defendant, and the Oliver Iron Mining Company as garnishee. The garnishee appeared, and disclosed an indebtedness to the defendant of $58.70. The Saari Bros., a partnership, intervened as claimants, and sought to establish ownership to the funds disclosed in the hands of the garnishee by virtue of an alleged assignment of the same from the defendant. The jury in the municipal court returned a verdict in favor of the claimants, upon which judgment was entered. Plaintiff appealed to the district court upon questions of law alone. The decision of the municipal court was sustained. Judgment was entered in favor of the claimant against the garnishee for the amount disclosed, and also against the plaintiff for costs; whereupon plaintiff appeals to this court. Neither the defendant nor the garnishee is made a party to the appeal to the district court. On the call of the calendar in

1 Reported in 102 N. W. 368.

the district court the claimants, Saari Bros., moved to dismiss the appeal for defect of parties, and for judgment upon the merits.

We are quite clear that the grounds upon which objection is made to the failure to make the defendant and garnishee parties are not well taken. Neither made any complaint or asserted any right to the subject of the litigation in the district court. There was practically a disclaimer by both of any interest in the result of the suit, and the fact that they were not made parties to the appeal in that forum is of no materiality whatever. The contest was wholly one between the plaintiff and the intervening claimants, and was so properly litigated and determined.

Upon the merits, however, we have arrived at the conclusion, from the testimony returned by the municipal court, while it appears that the written assignment. to the claimant was excluded, yet upon the whole it was sufficient to support the conclusion that there had been a valid and legal transfer of the claim for labor of defendant against the Oliver Iron Mining Company to the Saari Bros. before the action was commenced by plaintiff against the defendant, and that substantial justice was awarded by the order affirming the action of the municipal court in favor of the intervening claimants, from which the judgment for costs directed against plaintiff would follow as a matter of course.

Judgment affirmed.